■ In the Matter of VICTORIA J. NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Respondent; LORNA C., Appellant.— In a proceeding pursuant to Family Court Act article 10, the natural mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Schindler, J.), dated May 16, 1991, as, after a hearing, upon returning the child to her custody, directed the Child Welfare Administration to supervise the family pending the completion by Florida officials of compliance procedures pursuant to the Interstate Compact on the Placement of Children *(see,* Social Services Law § 374-a) in this matter.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the direction that the Child Welfare Administration is to supervise the family pending the completion by Florida officials of compliance procedures pursuant to the Interstate Compact on the Placement of Children in this matter is deleted.

During the night of April 25, 1991, the New York City Police Department, acting in conjunction with representatives of the New York City Department of Social Services, went to the mother's home and took custody of her minor daughter. The next day, the mother filed an application pursuant to Family Court Act § 1028 for the return of the child. At the hearing, counsel for the Commissioner of Social Services indicated that the Child Welfare Administration had not filed, nor did it plan to file, an abuse or neglect petition against the mother. Counsel for the Commissioner of Social Services informed the court that the child was taken into custody at the request of officials from the Florida Department of Health and Rehabilitative Services and submitted to the court a copy of a Florida court order, dated September 5, 1990, which indicated that the child had been adjudicated a neglected and/or abused child, that the child was placed in the custody of a Florida

social services agency, and that the child was subsequently removed from her foster home, apparently by the mother. The court acknowledged that it lacked jurisdiction regarding the child, but indicated that it wanted to assist the Florida officials. With the mother's consent, the court ordered an emergency home study to determine the appropriateness of returning the child to the mother. Upon receiving positive findings, the court returned the child to the mother and, over the objections of the mother and the Commissioner of Social Services, directed the Child Welfare Administration to supervise the family pending the completion by Florida officials of compliance procedures pursuant to the Interstate Compact on the Placement of Children. This was error (see, Social Services Law § 374-a).

In view of the fact that the Commissioner of Social Services did not file and apparently did not intend to file a petition of abuse or neglect, an order directing supervision was unwarranted and inappropriate (cf., Family Ct Act §§ 1054, 1057). Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.